**FREEMAN MATHIS & GARY**
Sharon C. Collier / SBN 203450
Sharon.Collier@fmglaw.com
Nathaniel L. Dunn / SBN 255661
Nate.Dunn@fmglaw.com
1850 Mt. Diablo Blvd., Suite 510
Walnut Creek, CA 94596
D: (925) 210-2283
F: (833) 330-3669

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILDRED LOO, an individual and FRED LOO, an individual,<br><br>Plaintiffs,<br>v.<br><br>COSTCO WHOLESALE CORPORATION and DOES ONE through ONE HUNDRED,<br><br>Defendants. | Case No. 3:24-cv-02454-RFL<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 1 – TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT, ANDREW KANEVSKY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*Pre-Trial Conference:*<br>**Date: January 14, 2025**<br>**Time: 2:30 p.m.**<br>**Courtroom 15, 18th Floor**<br>**Hon. Rita F. Lin**<br><br>*Trial Date: February 3, 2025* |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant COSTCO WHOLESALE CORPORATION ("Costco") hereby moves this Court for an order *in limine* to exclude the testimony of Plaintiffs MILDRED LOO and FRED LOO'S (collectively "Plaintiffs") retained expert, Andrew Kanevsky. Costco brings this Motion pursuant to Rules 403 and 702 of the Federal Rules of Evidence. This Motion is based on the attached memorandum of authorities, the Declaration of Nathaniel L. Dunn in support hereof, the Proposed Order, and the documents and pleadings on file with the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs are expected to call Andrew Kanevsky to testify at trial as an expert witness in, Retail Operations and Safety. With all due respect to Mr. Kanevsky, he is woefully unqualified to offer such opinions.

The highest level of education Mr. Kanevsky has completed is high school. He has no relevant certifications or licenses in the areas he is being offered as an expert witness. Mr. Kanevsky's work experience is limited to sporting goods stores on the East Coast which are only a fraction the size of Costco. He has never worked for one of the ten largest retailers in the United States and has no basis to opine what their employee training policies or operating procedures are. He has never worked for a warehouse store such as Costco, or a store which sells groceries.

Mr. Kanevsky has never been to the subject Costco warehouse. His observations regarding Costco's operations are limited to a single viewing of a two-hour surveillance video from the day of the accident. Mr. Kanevsky also offers criticisms of Costco's written policies and training materials without having reviewed large swaths of them.

Based on Mr. Kanevsky's lack of education, credentials, relevant experience, and the incomplete factual basis for his opinions, the court should find that he does not meet the criteria to be considered an expert witness under Federal Rule of Evidence 702. He does not posses scientific, technical, or other specialized knowledge that will help the jury understand the evidence or determine a fact in issues. His opinions are also not based on sufficient facts or data, and he is not relying on any specific principles or methods that he is applying to the facts of this case.

The Court should preclude Mr. Kanevsky from offering any expert opinions at trial. Mr. Kanevsky's anticipated trial testimony would only serve to confuse the jury and would constitute an unqualified lay person offering inappropriate opinion testimony. An order in limine is necessary for the Court to prevent undue prejudice to Costco.

///

///

## II. STATEMENT OF FACTS

### A. Case Background

This is a personal injury action in which Plaintiffs allege MILDRED LOO ("Mrs. Loo") had an unfortunate fall on January 17, 2024, while shopping at a Costco warehouse. Declaration of Nathaniel L. Dunn ["Dunn Dec."] at ¶ 2. Plaintiffs contend Mrs. Loo was knocked to the ground by a Costco employee after checking out with her items. Dunn Dec. at ¶ 3. Costco disputes liability for Mrs. Loo's accident. Dunn Dec. at ¶ 4. Plaintiffs disclosed Andrew Kanevsky as their retained Retail Operations and Safety expert. Dunn Dec. at ¶ 5. Mr. Kanevsky was deposed on December 10, 2024. Dunn Dec. at ¶ 6.

### B. Mr. Kanevsky's Qualifications

Mr. Kanevsky presently owns a small custom cake shop. Deposition of Andrew Kanevsky ["Kanevsky Depo."], **Exhibit C** to Dunn Dec., at 7:24-8:8. He attended college, but did not graduate and has no degree. Id. at. 8:16-9:8. Mr. Kanevsky has no certifications in Retail Operations or Retail Safety. Id. at. 9:13-10:10. His only certification is in interrogation, which he admits is not relevant to the opinions he will give in this case. Id. at. 9:13-10:15.

Mr. Kanevsky's "training" in Retail Operations and Safety is limited to his work experience. Kanevsky Depo. at. 10:25-11:10. Mr. Kanevsky worked in retail sales for twenty (27) years, from 1995 until 2022. Id. at. 7:9-23. The companies Mr. Kanevsky worked for primarily sold shoes and sporting goods. Id. at. 31:13-18. During that time, he specialized in store operations, safety, and writing policy. Id. at. 7:9-23; 11:4-12:8.

Mr. Kanevsky has attended conferences and seminars as part of his past work experience, but he has never presented at those events. Kanevsky Depo. at. 55:20-56:7. Mr. Kanevsky is not familiar with any industrywide standards or guidelines that constitute the best practices for retailers. Id. at. 57:8-59:3. Mr. Kanevsky's criticism of Costco's policies is based on what he understands are the common practices of the businesses he is familiar with. Id. at. 59:4-60:2.

Mr. Kanevsky has no experience working for a warehouse store such as Costco, Sam's Club, or other retailers where products are displayed on pallets. Kanevsky Depo. at. 31:1-12. He also has no experience working in stores which sell groceries. Id. at. 31:13-21.

Mr. Kanevsky was not able to provide examples of any policies he has written during his deposition. Kanevsky Depo. at. 12:9-13:1. He was also unable to recall any specific instances in which a court has admitted him in the area of Retail Safety, but he believes he was admitted as an expert in the area of Retail Operations, "quite some time ago." Id. at. 16:18-17:19. Mr. Kanevsky testified that he has done consulting work for big box retailers on two or three times in the past two years. Id. at. 18:2-19:22. This case is the first time Mr. Kanevsky has ever been retained as an expert witness to give an opinion regarding the business operations of a California retailer. Id. at. 22:1-8.

**C. Mr. Kanevsky's Opinions**

1. "Spatial Awareness" Training and Policies

Mr. Kanevsky will opine that retailers should have "spatial awareness" training in which employees are taught to be aware of their surroundings and maintain a safe distance between themselves and customers. Kanevsky Depo. at. 35:5-39:6. He is not aware of any industry standards requiring such training, but within the scope of his work experience for East Coast retailers it is a common practice for retailers to have such a policy. Id. at. 40:11-41:10. Mr. Kanevsky was unable to name any retailers other than the four he worked for who had a spatial awareness policy. Id. at. 41:11-42:4. Mr. Kanevsky is not aware of whether any of the top ten retailers in the United States by volume, which includes Costco, have spatial awareness training or policies. Id. at. 42:5-44:2.

Mr. Kanevsky will opine that Costco did not have a spatial awareness policy. Kanevsky Depo. at. 60:9-61:22; 63:7-65:19. He bases that opinion on the information provided to him by Plaintiffs' counsel. Id. at. 54:3-6. Mr. Kanevsky was not provided a complete set of Costco's loss prevention manual, employee handbook, or access available to Costco's employees on its intranet. Id. at. 54:3-55:12; 65:20-66:21. Mr. Kanevsky acknowledged that a certain amount of spatial awareness is "common sense." 86:25-87:10.

2. "Improper Positioning

Mr. Kanevsky will opine that Costco's employee who was involved in the subject accident, Marvena Noel, should not have been assisting with a cash pickup at the register where the accident

occurred. Kanevsky Depo. at. 91-18-92:17. However, he acknowledged that Ms. Noel has been a Costco employee for twenty (20) years and has been trained to do cash pickups. Id. at. 92:18-94:3. Mr. Kanevsky does not know if there are any Costco policies that prevented Ms. Noel from doing the cash pickup. Ibid.

3. Opinions on Costco's Operations

Mr. Kanevsky watched a two-hour video taken at the subject warehouse on the date of the accident. Kanevsky Depo. at. 46:9-12. He only watched the video from start to finish one time. Id. at. 46:9-47:13.

Mr. Kanevsky will opine that there was no one in charge of the front-end of the warehouse at the time of the accident, filling the role of what he described as a, "quarterback." Kanevsky Depo. at. 47:17-49:24 Mr. Kanevsky will opine that there was a lack of communication between Costco's employees on the date of the accident, but he admitted that the video had no sound. Id. at. 51:2-51:16 Mr. Kanevsky will also opine that in his opinion the warehouse was "frantic" and "chaotic." Id. at. 49:25-51:1

4. Responding to Injuries Customers

Mr. Kanevsky will opine that Costco should have had a written policy on not touching injured customers until paramedic arrive. Kanevsky Depo. at. 73:12-76:10. He also opined that Costco should train its employees not to move injured customers. Id. at. 78:16-81:4. Mr. Kanevsky acknowledged that it may be OK for a customer to be moved if they ask to be helped. Id. at. 76:24-78:15. Mr. Kanevsky is not a medical expert and is not going to give an opinion on whether Mrs. Loo was injured as a result of being moved. Id. at. 76:11-76:23.

5. Prior Accidents

Mr. Kanevsky will opine that there was a "pattern" of prior accidents at the subject warehouse. Kanevsky Depo. at. 101:18-102:15. The basis for that opinion is three prior accidents involving contact between Costco employees and members over a five-year period. Id. at. 66:15-67:3; 101:18-102:15. Mr. Kanevsky was not provided any information regarding how many people come onto the Redwood City warehouse premises every day, or have come into the warehouse over the past five years. 69:9-24. The basis for that opinion is three prior accidents

involving contact between Costco employees and members over a five-year period. 66:15-67:3; 101:18-102:15. Mr. Kanevsky was not provided any information regarding how many people come onto the Redwood City warehouse premises every day, or have come into the warehouse over the past five years. 69:9-24.

6. Opinions Regarding the Accident Itself

Mr. Kanevsky is not an accident reconstructionist or a biomechanical engineer. Despite that lack of experience he will opine that Ms. Noel was moving "frantically" at the time of the accident. Kanevsky Depo. at. 94:4-95:5; 96:8-17.

7. Opinions Regarding "Failure to Secure the Area Post-Incident"

Mr. Kanevsky will opine that Costco failed to secure the area where Mrs. Loo fell after the accident. Kanevsky Depo. at. 97:15-100:3. According to Mr. Kanevsky, Costco should have re-routed other customers to other registers to avoid injury to Mrs. Loo and to avoid embarrassing her. Ibid.

## III. LEGAL STANDARD

### A. Motions *in Limine*

The Court has the inherent power to grant a motion *in limine* to exclude evidence that could be objected to at trial. *Luce v. U.S.,* 469 U.S. 38, 41 (1984). "A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank,* 735 F.3d 1158, 1162 n.4 (9th Cir. 2013). Motions *in limine* may be, "made before or during trial" and, if granted, "exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984). Accordingly, the Ninth Circuit has held that motions in limine, "are useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp*., 866 F.3d 1060, 1070 (9th Cir. 2017). District courts should "'[e]ncourage counsel to bring motions in limine on evidentiary questions … [to] prevent disruptions at trial which could render the proceedings incoherent to the jurors."' *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986).

### B. Expert Witness Testimony

Federal Rule of Evidence 702 permits expert witness testimony where "(a) the expert's

scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principals and methods to the facts of the case." Daubert interpreted Rule 702 to charge district courts with ensuring that expert testimony is reliable and relevant - that is, "whether the reasoning and methodology underlying the testimony is scientifically valid" and "whether that reasoning or methodology can be applied to the facts at issue. *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 589-593 (1993).

Factors that may be considered in assessing the reliability of an expert's underlying technique or theory are: (1) whether it can be tested or is falsifiable; (2) whether it has been subjected to peer review and publication; (3) the known or potential rate of error; (4) the existence and maintenance of standards and controls; and (5) whether it has been generally accepted within the scientific community. Daubert, 509 U.S. at 593-94. Courts have looked to additional factors, including whether the expert extrapolates from an accepted premise to an unfounded conclusion. See *Gen. Elee. Co. v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997). "The critical inquiry is whether there is a connection between the data employed and the opinion offered; it is the opinion connected to existing data only by the ipse dixit of the expert, that is properly excluded under rule 702." *Manpower, Inc. v. Ins. Co. of Pa.*, 732 F.3d 796, 806 (7th Cir. 2013) (internal quotation omitted). Regarding the relevance of expert testimony, an expert "must testify to something more than what is 'obvious to the layperson' in order to be of any particular assistance to the jury." *Ancho v. Pentek Corp*., 157 F.3d 512, 519 (7th Cir. 1998) (citation omitted).

The proponent of expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence under Federal Rule of Evidence 104(a). See *Daubert*, 509 U.S. at 592 n. 10. The principles set forth in *Daubert* apply to all expert testimony, not just scientific. *Manpower, Inc., supra*, 732 F.3d at 806 (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)). Additionally, courts are admonished to keep Federal Rule of Evidence 403 in mind when considering expert testimony. *Daubert*, 509 U.S. at

595. Rule 403 permits exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"

**C. ARGUMENT**

1. <u>Mr. Kanevsky is Not Qualified to Testify as an Expert</u>

There is nothing in Mr. Kanevsky's report, resume, or deposition testimony which indicates he is qualified to provide expert testimony on Retail Operations and Safety at a California warehouse store such as the Costco warehouse where the accident in this case occurred.

In order to provide expert testimony, a witness must demonstrate to the court that it is more likely than not that: "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue…[and that] the testimony is the product of reliable principles and methods; and the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." (Fed. R. Evid. 702). The relevant inquiry is whether the witness possesses expertise on that particular subject on which he or she seeks to testify. (*People v. Hogan*, 31 Cal.3d 815, 851 (1982)). The Federal Rules of Evidence task the trial judge with a "gatekeeping" role, where they ensure that expert testimony is "properly grounded, well-reasoned and not speculative before it can be admitted." (See Fed. R. Evid. 702, Adv. Comm. Notes, 2000 Amend).

Here, Mr. Kanevsky is not offering and scientific or technical expertise to the jury. He has no formal education or credentials in any of the areas where he is expected to offer opinion testimony in this case. While Mr. Kanevsky's work history at sporting goods stores is not insignificant, he does not possess specialized knowledge which will aid the jury. Mr. Kanevsky's work experience is entirely with sporting goods stores on the East Coast, he has no specific work experience with warehouse stores such as Costco, or familiarity with the policies and procedures followed at the largest retailers in United States.

Moreover, Mr. Kanevsky's opinions should also be excluded pursuant to Federal Rule of Evidence, Rule 403, which provides that the Court may exclude evidence if its probative value is substantially outweighed by unfair prejudice. Here, Mr. Kanevsky is not applying any industry-

wide standards to his analysis in this case. Per his own testimony, there are no generally applicable guidelines retailers are supposed to follow in terms of having written policies in place or training their employees. Mr. Kanevsky can only testify as to what he has seen in his experience, not what Costco had a duty to do. Allowing Mr. Kanevsky to opine on industry standards applicable to Costco, when he has no basis to provide such testimony, creates the improper impression in the jury's mind that he knows what he is talking about and that his testimony should carry weight.

Accordingly, Mr. Kanevsky should be considered an "expert" under the criteria set forth in Federal Rule of Evidence 702. His testimony should be excluded.

2. Mr. Kanevsky Lacks Sufficient Facts and Data to Offer His Opinions

Even if the Court deems Mr. Kanevsky to be an expert, it should still deem his opinions inadmissible as not being supported by sufficient facts or data.

Ninth circuit case law confirms that as a part of their "gatekeeping" functions, courts routinely reject expert testimony "that is wholly speculative." (*Elosu v. Middlefork Ranch Incorporation*, 26 F.4th 1017, 1020 (9th Cir. 2022); See Fed. R. Evid., Rule 602).

Mr. Kanevsky has never been to the subject Costco warehouse. He watched a two-hour surveillance video, without sound, one time. While watching the video, Mr. Kanevsky had to make assumptions about who was a Costco employee and who was not. He could not hear what Costco's employees were saying to each other, and he did not know what this warehouse's policies and procedures were.

While Mr. Kanevsky may have some observations about what he thinks he saw in the surveillance video, he does not have a sufficient foundation of facts to opine that no one was in charge that day, or that there was a lack of communication between Costco's employees. Any such opinion would be pure speculation.

Similarly, Mr. Kanevsy has not reviewed Costco's loss prevention manual, its employee handbook, or its internal training modules. Mr. Kanevsky cannot opine that Costco's training materials are not adequate or do not include training which might be considered "spatial awareness," or how to respond to an injured customer, without speculating such information is not

included in materials he has not reviewed.

Mr. Kanevsky's opinions are based on insufficient facts and data, and therefore must be excluded under Federal Rule of Evidence 702 (b)

3. <u>Alternatively, the Court Should Conduct a Hearing Regarding the Admissibility of Mr. Kanevsky's Opinions</u>

If the Court is unwilling to grant the instant Motion *in limine*, Costco requests that a hearing be conducted pursuant to Rules 104 and 702 of the Federal Rules of Evidence before Mr. Kanevsky is allowed to offer his opinions in front of the jury.

**IV. CONCLUSION**

For the forging reasons, Costco respectfully request that this Court issue an order excluding the testimony of Plaintiffs' expert, Andrew Kanevsky.

Dated: December 23, 2024

**FREEMAN MATHIS & GARY, LLP**

By: ______________________________
NATHANIEL L. DUNN
*Attorneys for Defendant*
COSTCO WHOLESALE CORPORATION